IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALLAN SEAGER,

    Petitioner,

vs.                                            No. 15-cv-0747 MCA/SMV

JEFF WRIGLEY and the ATTORNEY GENERAL
FOR THE STATE OF NEW MEXICO,

    Respondents.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 19] ("PFRD"), filed December 11, 2015. On reference by the undersigned, the Honorable Stephan M. Vidmar, United States Magistrate Judge, found that all claims in Petitioner Allan Seager's ("Petitioner") Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody ("Petition") [Doc. 1] should be denied and this action dismissed with prejudice. He further recommended that Petitioner's Motion to Compel, [Doc. 11], Motion for Discovery [Doc. 15], and requests to expedite rulings on those motions [Docs. 16, 17] be denied as moot. Petitioner filed objections to the PFRD. [Doc. 21]. The Court, being fully advised in the premises, will OVERRULE the objections, ADOPT the PFRD, DENY the Petition and all pending motions, and DISMISS the action with prejudice.

## BACKGROUND

A 52-count criminal information was filed against Petitioner on February 16, 2010. [Doc. 12-1] at 13. The charges stemmed from Petitioner's sexual abuse of his then three-year-old niece and covered incidents that occurred on April 3, April 30, and December 9, 2009. *Id*.

Petitioner's home was searched by law enforcement pursuant to a warrant on December 24, 2009. [Doc. 12-1] at 41. Several pieces of evidence were recovered, including at least one hard drive—the "SanDisk." *Id*. A few days after the search, Petitioner's girlfriend found a second hard drive—the "Seagate"—and gave it to Donald Seager, Petitioner's brother. He, along with two others, viewed some of the contents of the Seagate before turning it over to law enforcement. CD Recording of Motions Hearing, Mar. 15, 2011, at 9:18–9:21.

A second warrant, issued on December 28, 2009, allowed law enforcement to search (i.e. access), among other things, the contents of the SanDisk. *Id.*; [Doc. 12-1] at 42. The officer who prepared the December 28 warrant application mistakenly omitted the Seagate from the list of items to be accessed. CD Recording of Motion Hearing, Jan. 4, 2011, at 3:10. Petitioner filed a motion to suppress the Seagate's contents based on this omission. [Doc. 12-1] at 41.

The trial judge conditionally granted Petitioner's motion to suppress, explicitly reserving the right to admit into evidence "portions of the [Seagate] viewed by parties not affiliated with law enforcement officials" after an in-limine hearing on the "Private Search Doctrine." *Id*. at 48. The court held a hearing on the Seagate's admissibility on March 15, 2011. Donald Seager testified about which portions of the Seagate's contents he had seen before giving the device to law enforcement. CD Recording of Motion Hearing, Mar. 15, 2011, at 9:17–9:20. He testified

that the items he viewed on the Seagate pertained only to the April 3 incident. *Id*. The court ruled that only those portions of the hard drive that Donald Seager had viewed, i.e., items solely related to the April 3 incident, would be admissible, but that the remainder of the Seagate's contents, including any evidence of the April 30 incident, would not. *Id*. at 9:23:40. Significantly, the items that Donald Seager viewed on the Seagate were copies of items on the SanDisk. *Id*. at 9:21:52. Thus, as a practical matter, the admissible evidence on the Seagate provided nothing beyond the admissible evidence on the SanDisk.

After the court's oral ruling excluding the evidence of the April 30 incident found on the Seagate, the prosecutor announced that an amended four-count criminal information would be filed. CD Recording of Pretrial Conference/Motions Hearing, June 7, 2011, at 1:38–1:48. The four remaining counts—the counts on which Petitioner eventually went to trial—were based only on the April 3 and December 9 incidents. [Doc. 12-1] at 49–50. Petitioner was not tried on any of the charges from the original information relating to the April 30 incident.

A jury convicted Petitioner of two counts of Criminal Sexual Penetration in the First Degree (Child under 13) on June 21, 2011. *Id*. at 1. The Honorable Matthew G. Reynolds, District Judge for the Seventh Judicial District of New Mexico, sentenced him to 18 years' imprisonment, running consecutively, on each count. *Id*. at 2.

The New Mexico Court of Appeals reversed Petitioner's conviction for one count of Criminal Sexual Penetration in the First Degree on June 25, 2013, based on an error in the jury instructions given at trial. [Doc. 12-3] at 58. The State of New Mexico filed a petition for a writ

of certiorari to the Supreme Court of New Mexico on July 25, 2013. [Doc. 12-4] at 1. The Supreme Court denied the State's petition on October 17, 2013. *Id*. at 27.

Petitioner filed a petition for a writ of habeas corpus in the Seventh Judicial District of New Mexico on October 10, 2013. *Id*. at 29. The trial judge summarily dismissed his petition on February 2, 2014. [Doc. 12-5] at 1. The Supreme Court subsequently denied his petition on April 6, 2015. [Doc. 12-6] at 23.

Petitioner filed his Petition with this Court on August 24, 2015. [Doc. 1]. In it, he argues that the Seagate hard drive was inadmissible in its entirety. *Id*. at 5. He also alleges that his trial attorney was ineffective for allowing "suppressed evidence" (the Seagate) to be introduced against him. *Id*. at 6. Finally, he alleges that his legs were shackled in the presence of the jury. *Id*. at 8–9. Respondents filed their Answer on November 3, 2015. [Doc. 12]. They expressly waived any challenge to exhaustion of administrative remedies. *Id*. at 4–5.

Petitioner also filed a Motion to Compel, [Doc. 12], and a Motion for Discovery, [Doc. 15]. In these motions, he seeks access to a computer to review "court transcripts which are on 3 CD's [sic]," [Doc. 11] at 1, and "copies of all files, documents, police reports, warrants and any other items relevant" to his state case from the Torrance County District Attorney's Office, [Doc. 15] at 1. Petitioner also requests expedited rulings on both of these motions. [Docs. 16, 17].

The Magistrate Judge issued his PFRD on December 11, 2015. [Doc. 21]. He recommended denial of the Petition and dismissal of the action. The Magistrate Judge found: (1) Petitioner did not understand that portions of the Seagate relating to the April 3 assault were

admissible and that Petitioner could not have been prejudiced by the introduction of that evidence as it was duplicative of the SanDisk, *id*. at 6–8; (2) Petitioner's trial counsel was not ineffective; *id.* at 8–11; and (3) Petitioner failed to show that he was wrongly shackled at trial, but even assuming that he was, he failed to show that he was prejudiced by the shackling, *id*. at 11–13. The Magistrate Judge also recommended denying Plaintiff's motions to compel and for discovery [Docs. 11, 15], as well as his motions to expedite rulings on those motions [Docs. 16, 17].

## ANALYSIS

### I. Claims not raised by Petitioner in his original § 2254 petition are waived.

Petitioner has raised numerous claims in his objections that he did not raise in his original § 2254 Petition.[1] In reviewing a petitioner's objections, the Court will not consider matters that

---

[1] Petitioner's added claims are numerous. They are as follows: (1) Petitioner agreed to testify against a Torrance County police officer in exchange for the police "clear[ing] a mistake from [his] record." Petitioner was going to testify that this police officer stole $3 million in cash from an evidence locker and destroyed all evidence of the theft. When the police chief found out which officer Petitioner was going to testify against, he grew angry and told Petitioner he would be arrested in order to prevent him from testifying. Petitioner was later arrested at his home for resisting arrest. Once in jail, police beat him and told him they were going to frame him for the rape of his nine-year old niece. When they failed to frame him for raping that niece, they decided to frame him for the rape of his three-year-old niece. They directed the New Mexico State Police Forensic lab to manufacture a video that would implicate him in the crime. He claims that he had assurances from the FBI that his record would be cleared and this case would be dropped if he testified against the officer as he originally planned. He claims he was arrested for shoplifting and, once in jail, charged with resisting arrest. Petitioner states that the "Deputy Sheriff" told the other inmates that he was in jail for raping a three-year-old, and threatened to allow the other inmates to beat him. After he was released, the shoplifting charges were dropped, and he was arrested for "protective custody." He states that the officers did not have a warrant, but told him they were arresting him "by presidential executive order." He was then told that he was being arrested for the crimes of which he was eventually convicted. [Doc. 21] at 2–3. (2) The police admitted that they were given a hard drive that was "planted." *Id*. at 3. (3) The videos on the two electronic storage devices "looked the same" but had different dates, names, and "digital information." *Id*. (4) He has never been to a "72 hour magistrate court arraignment." *Id*. (5) The electronic device that was not suppressed (i.e. the SanDisk) was "lost from police custody for 3 weeks." *Id*. (6) When his niece was taken to a hospital for an examination two months after the rape, it was determined that "no sexual acts had been performed on her in any way." *Id*. (7) The state has never issued a corrected Judgment and Sentence after one count of Petitioner's conviction was overturned. *Id*. at 4. (8) The prosecutor and defense had an agreement to exclude the "external computer hard drive." *Id*. (9) The

5

are raised for the first time in the objections. *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the Magistrate Judge's report are deemed waived."); *Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996) (holding that courts may not consider new issues in objections to a Magistrate Judge's recommended disposition). The Court finds no reason to deviate from this firm waiver rule. *See generally Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Therefore, all claims raised by Petitioner for the first time in his objections are waived.

## II.     **Petitioner's objections regarding the admissibility of the Seagate are overruled.**

The Petition centers on the admissibility of the contents of two electronic storage devices —the Seagate and the SanDisk—that contained images and videos of Petitioner sexually assaulting his young niece.[2] Petitioner opines that "the [C]ourt has been misinformed about the [state] trial Judge's pretrial ruling" on the admissibility of the "External Computer Hard Drive." [Doc. 21] at 4. Petitioner believes that evidence from the Seagate was wrongly admitted against him. The Court has conducted a de novo review of the admissibility issues surrounding the Seagate and SanDisk and concludes that Petitioner continues to misunderstand the rulings that were made about the contents of the two electronic storage devices.

While the trial judge did issue an order conditionally granting Petitioner's motion to suppress the Seagate, [Doc. 12-1] at 48, he later ruled that portions of the device would be

---

judge stopped Petitioner and his attorney from proving the suppressed video was fake. *Id*. at 5. (10) If Petitioner were given access to the police reports, he could show that the evidence was planted. *Id*. at 6.

[2] Petitioner's references to the two electronic storage devices are inconsistent. In his objections, [Doc. 21] he refers to a computer chip and a hard drive, but in his original Petitioner, he refers to a single "External Computer Hard Drive," [Doc. 1]. The Court will refer to them as the Seagate and the SanDisk, as did the attorneys at trial.

admissible, CD Recording of Motion Hearing, Mar. 15, 2011, at 9:23:40. Nothing in the record suggests that suppressed portions of the device were ever shown to the jury.[3] Petitioner also appears not to understand that the evidence from the storage device at issue in the motion hearing (the Seagate) contained the same evidence of the April 3 incident as the other storage device (the SanDisk). CD Recording of Motion Hearing, Mar. 15, 2011, at 9:21:52. Thus, even if Petitioner were correct and the entire Seagate had been suppressed, which was not the case, the prosecution would still have had the SanDisk available to it. Petitioner continues to misunderstand the nature of the verbal suppression order given by the trial judge at the suppression hearing. His objection that suppressed evidence was used against him is overruled.

Petitioner also objects to the Magistrate Judge's finding that Petitioner's trial counsel was not ineffective. [Doc. 21] at 5. Petitioner believes that his trial counsel was ineffective for failing to move for dismissal of the action after the judge's rulings on the suppression of the Seagate and for failing to object to the use of the suppressed evidence at trial. The Court has independently reviewed Petitioner's claim for ineffective assistance of counsel and finds that it is based on his mistaken belief of what was suppressed at the hearing. If he understood the nature of the evidence ruled to be admissible against him, he would understand, too, that his counsel was not ineffective. His objection to the contrary is overruled.

### III. **Petitioner's objection regarding the use of leg shackles at trial is overruled.**

---

[3] The suppression of a portion of the Seagate affected the charges on which Petitioner was ultimately tried. He was originally charged with assaults occurring on April 3, April 30, and December 9, 2009. [Doc. 12-1] at 13. The judge ruled at the suppression hearing that portions of the Seagate would be suppressed, including evidence of the April 30 assault. CD Recording of Motion Hearing, Mar. 15, 2011, at 9:25:12. The prosecution later dropped all charges based on the April 30 incident. *See* [Doc. 12-1] at 49–50 (amended criminal information charging Petitioner with incidents occurring on April 3 and December 9, 2009).

Petitioner objects to the Magistrate Judge's finding that Petitioner had failed to show that the leg shackling at trial violated his rights or prejudiced the outcome of his case. [Doc. 53] at 5. Petitioner has raised this leg-shackling claim at each level of his post-conviction proceedings. *See* [Doc. 12-3] at 69 (Court of Appeals of the State of New Mexico denies portion of appeal based on leg shackling; [Doc. 12-5] at 1 (Court for the Seventh Judicial District of New Mexico summarily dismisses state habeas petition in which Petitioner had raised leg shackling issue; [Doc. 12-6] at 23 (Supreme Court of New Mexico denies habeas petition). Petitioner's claim has failed at every stage.

The Court conducted a de novo review of Petitioner's claim that he should not have been shackled at his trial. In order to succeed on this claim, the Court must determine that the shackles "had [a] substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993). That is, it is not enough for Petitioner to show that he was wrongly shackled at his trial; he must show that had he not been shackled, it is likely that the outcome of his trial would have been different.

It is not clear from the record why Petitioner's legs were shackled during his trial. What is clear, however, is the evidence that Petitioner committed the heinous crimes with which he was charged. The jury repeatedly viewed a video of Petitioner anally raping his young niece in which Petitioner's face can be seen, and multiple members of Petitioner's family identified Petitioner as the perpetrator in the video. [Doc. 12-3] at 65–66. Petitioner was afforded a full and fair opportunity to defend himself in front of a jury of his peers, even testifying in his own defense. CD Recording of Jury Trial (Day 2), June 21, 2011, beginning at 2:22:45. Petitioner's

assertion that the jury convicted him simply because he was shackled is unsupported and untenable. The Court finds that Petitioner has failed to show that the outcome of his trial was affected by the shackling of his legs.

### IV. Petitioner's objections to the denial of his motion to compel and motion for discovery are overruled.

Petitioner objects to the Magistrate Judge's recommended denial of his motion to compel and motion for discovery. [Doc. 21] at 6. Petitioner again requests access to a computer in order to view the "CD records involved in this case," as well as "transcripts and police reports." *Id*. The Court has reviewed Petitioner's motions de novo. Nowhere in the record does Petitioner allege that he has asked for and been denied access to a computer by prison officials, nor does he allege that he has attempted to access records in another way (e.g., a written transcript). Nowhere in the record has Petitioner been able to "show a particularized need" for the materials he requests, nor has he shown that the claims in his Petition are not frivolous, as is required for the Court will grant such a request. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992). The Court is mindful of Petitioner's concern that the state has access to at least some of these materials while he does not. However, the Court has independently reviewed the materials relevant to Petitioner's claims and has found no support for them therein.[4] Petitioner's objections to the denial of these motions are therefore overruled. The Court will deny the motions, [Docs. 11, 15], and Petitioner's requests to expedite rulings on them, [Docs. 16, 17].

---

[4] The Court has reviewed Petitioner's claim that "the court log [of the motions hearing] says something very different" from what the Defendants said was in the CD recording of the hearing on the motion to suppress. [Doc. 21] at 6. While portions of the log submitted by Petitioner are obscured, the Court is satisfied that the log is consistent with the CD recording. *See id*. at 10 (log reads "[t]he April 3rd video is in . . . as to what the Seagers saw. You successfully excluded additional evidence on the C-gate."). There is no dispute that some of the contents of the Seagate were suppressed. The log Petitioner attached to his objections, *id*. at 8–14, is no different than the CD recording.

9

## Conclusion

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Petitioner's objections [Doc 21] are **OVERRULED** and the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 19] are **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion under 28 U.S.C. § 2254 [Doc. 1] is **DENIED**, and the case is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Compel, [Doc. 11], Motion for Discovery, [Doc. 15] and requests for expedited rulings on those motions, [Docs. 16, 17] **DENIED AS MOOT**, because the action is dismissed with prejudice.

**IT IS SO ORDERED.**

_____
**M. CHRISTINA ARMIJO**
**Chief United States District Judge**